**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Floyd ROBERTS,
Defendant-Appellant.**

No. 72-3161.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1973.

Rehearing Denied March 15, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

James A. Johnston, Edward B. Cloutman, III, Dallas, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for failure to submit to induction into the armed forces. Appellant was ordered to report for induction on March 23, 1971. After a series of postponements, he filed with his local board a dependency questionnaire, in an effort to obtain a III-A "hardship" deferment based on his mother's alleged physical and emotional dependence upon him. After the local board had rejected appellant's hardship claim and again ordered him to report for induction, appellant's mother telephoned the clerk of the local board and informed her that she had suffered a severe lumbar strain requiring one week's hospitalization followed by a period of therapy during which appellant's assistance was needed to enable her to use traction equipment. No record of this telephone conversation appeared in appellant's file, because the clerk independently determined that the information "would not affect the young man's status or classification" (T. 39).

Relying on United States v. Jackson, 5th Cir. 1972, 454 F.2d 821, appellant argues that the clerk's determination to exclude Mrs. Roberts' message from his file precluded the local board from considering the information and thus denied him the right to an administrative appeal in the event the board chose not to reopen his file. We agree that the clerk had no authority independently to exclude Mrs. Roberts' message from the file, but appellant's reliance on *Jackson* is nevertheless misplaced. There, the clerk had excluded facts (a physician's report that the registrant suffered from functional hypoglycemia) that *arguably* formed the basis for a medical deferment. In the instant case, however, the claim that appellant was needed to help his mother use traction equipment during a relatively brief period of therapy could not even arguably entitle appellant to a hardship deferment. Accordingly the judgment is

Affirmed.